HARTLAND *v.* POMFRET.

No order can be made to remove a pauper without notice to him.

Nor can an order be made for the removal of a wife, without her husband, if he is living in the same town with her.

THIS was an appeal from an order of two justices for the removal of Reuben Paine and his wife, Diodama Paine, from the town of Hartland to the town of Pomfret. The paupers, having no legal settlement in the town of Hartland, had come there to reside, and were chargeable to said town. A warrant was issued to apprehend said paupers and bring them before said justices for examination. The warrant was returned *non est,* as to Reuben Paine, but the justices adjudged that both he and his wife had come to reside in said Hartland, and that their legal settlement was not in said Hartland, but in the town of Pomfret, that they were chargeable to said Hartland, and ordered them to be removed to said Pomfret. An order of removal was issued as to both the paupers, and was executed as to the wife, and returned *non est* as to the husband. The record was in the form prescribed by the statute. The town of Pomfret appealed from the order of removal, and moved the county court to quash the proceedings, on the ground that it did not appear that the husband was examined by the justices, and because he had no notice of the examination.

The county court quashed the proceedings and order, and the appellees excepted.

*Williams and Tracy,* for appellees.

An examination of the pauper is not indispensable to the validity of an order of removal. *Londonderry* v. *Windham,* 2 Vt. R. 149. *Waterford* v. *Brookfield,* 2 do. 200.

If an examination is essential, it is not necessary that it should appear from the record. Stat. p. 325. *Hartland* v. *Williamstown,* 1 Aik. R. 241.

It does not appear from the record that the pauper was *not* examined—and the court will not presume it to be so : or intend any thing to vitiate the order. *The King* v. *Ironacton,* 2 Bott's poor laws, 103. *The King* v. *Higher Walton,* 2 do. 103.

If the order is bad, it must be for some defect apparent

on the record—and that this is on the face of it good. *The King* v. *Inhabitants of Binegar*, 7 East's R. 377.

Again—If the order had been made against the wife alone in the absence of the husband, it clearly would have been good. *The King* v. *Ironacton*, 2 Bott's poor laws, 103. *The King* v. *Higher Walton*, 2 do. 103.

Such order, unappealed from or affirmed on appeal, would have been conclusive as to his settlement as well as her own. *The King* v. *Hinxworth*, 2 Bott's poor laws, 109. *Swanscomb* v. *Shensfield*, 2 Salkeld's, R. 492. *Hartland* v. *Williamstown*, 1 Aik. R. 241.

And if so, making the order against both will not vitiate it as to her.

*T. Hutchinson*, for appellant.

1. The order cannot be supported with regard to Paine, because he was not notified, nor brought before the court for examination, as the record itself fully shows. Nor

2. As relates to his wife, because a feme covert cannot legally be removed from her husband.

The opinion of the court was delivered by

WILLIAMS, C. J.—An examination of the pauper is required by the statute, and, if practicable, must be had, but it is not indispensable, and the form of the record prescribed by the statute implies that the examination has been had. The words are "*after hearing the proofs and allegations, and examining the same,*" &c. The other ground of objection to the proceedings of the justices, is of more importance. The complaint, warrant and service, are part of the record, and are referred to in the adjudication as on file, so that any question may be presented on the motion to dismiss, which appears from any part of the proceedings referred to. From these, it evidently appears that Reuben Paine was neither apprehended nor notified of the complaint, adjudication or warrant against him. It is obvious that this is required by the statute. Any order or adjudication, designed to affect any individual, and to which he must yield obedience, should be made only after actual notice. In the order of removal, it is first awarded that the pauper remove by a given day, and, in default of his complying, the warrant issues to remove him. From the year

*(margin note)* WINDSOR, *February,* 1839.

Hartland *v.* Pomfret.

1801 to the year 1817, a person removed as a pauper was subject to be whipped not exceeding ten stripes, if he returned to reside in the town from which he was removed, without the permission of the selectmen. When the husband and wife live together, an order cannot be made to remove her without removing him, but it is otherwise where he resides out of the state. It appears to us that the order in this case cannot be good, as to Reuben Paine, the husband, as he was not notified. The case of *The King* v. *The Inhabitants of Binegar*, 7 East's R. 377, has been relied upon in support of this order of removal, but we think that case does not warrant the conclusion.

The question in that case did not arise directly on an order between the parish making the removal, and the parish to which the removal was made, but came up collaterally between other parties as to the effect of an order of removal. A complaint, examination and order of removal, had been made as to one John Savage and Betty, his wife, in which there was an adjudication, that they were settled in Midsomer Norton. The wife was examined, but it did not appear that the husband was. Afterwards the parish of Midsomer Norton removed the said Betty to the parish of Binegar, and proved that the said Savage and Betty were never legally married, and contended that the order, first mentioned, was illegal on the face of it. It was, however, held to be good, and, being good, was conclusive as to the parish of Midsomer Norton, that John Savage and Betty were married and that their settlement was in Midsomer Norton. On this case, it is to be observed, that it does not appear but that Savage was notified of the complaint and order, and secondly, that by the English statute such notice is not required. It is laid down "that a pauper ought to have notice, and be heard "before he is removed, but it is not absolutely necessary, yet, "if it can be done, it is fit it should be done." 2 Bott's poor laws, 767. Our statute requires that the pauper should be brought before the magistrates, before any order can be made, and this not having been done, the order as to Paine, the husband, was bad.

The next inquiry is, whether the order is good as to the wife. The settlement of the wife is the settlement of the husband, if he have any. When a wife separates from her

husband, and intrudes into another parish, she may be re-
moved to the place of her husband's settlement, but she can-
not be removed *from* him.    To make such an order good, it
must appear that the wife has so intruded.    In this case it
does not appear but that the husband was in Hartland, but,
on the contrary, it appears that he was residing there.    The
complaint describes him as residing in Hartland, and the ad-
judication is, that they, both husband and wife, came to re-
side in Hartland, although the officer could not find him
so as to apprehend him for examination.    We could not,
therefore, with propriety, quash this order as to the husband,
and affirm it as to the wife, without the hazard of removing
one from the habitation, as well as the settlement, of the
other.

The judgment of the county court, therefore, quashing
the order of removal must be affirmed.